# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JOHNNIE CLIMES,** ) | |
| ) | **Case No.:** |
| Plaintiff**,** ) | |
| ) | **COMPLAINT AND DEMAND** |
| **v.** ) | **FOR JURY TRIAL** |
| ) | |
| **FOCUS RECEIVABLES** ) | **(Unlawful Debt Collections** |
| **MANAGEMENT, LLC,** ) | **Practices)** |
| ) | |
| Defendant. **)** | |
| **)** | |

## COMPLAINT

JOHNNIE CLIMES ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against FOCUS RECEIVABLES MANAGEMENT, LLC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the Commonwealth of Massachusetts, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Haverhill, Massachusetts 01830.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a corporation with its principal place of business located at 1130 Northchase Parkway Suite 150, Marietta, GA 30067.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Debt collection is the principal purpose of Defendant's business.

11. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Plaintiff has a cellular telephone that she has had for at least one year.

14. Plaintiff has only used this phone as a cellular telephone.

15. By way of background, beginning in or around June or July 2016, Defendant began to call Plaintiff repeatedly on her cellular telephone.

16. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to: (800) 541-1734. The undersigned has confirmed that this number belongs to Defendant.

17. Defendant called Plaintiff in regards to collecting a Comcast cable debt.

18. Shortly after these repeated calls began, in or around August or September 2016, Plaintiff spoke to Defendant and informed Defendant she could not pay this debt and requested that their calls stop immediately.

19. Once Defendant knew its calls were unwanted, there was no purpose for these continued calls other than harassment.

20. However, Defendant ignored this request and calls continued Plaintiff.

21. Plaintiff reiterated her request for calls to stop in January 2017.

22. However, Defendant's calls persisted through May 2017.

23. During this time, Defendant placed calls to Plaintiff using an automated telephone dialing system and/or pre-recorded voice.

24. Plaintiff knew Defendant was using an automated telephone dialing system and/or pre-recorded voice because calls would begin with a noticeable pause or delay before she would be transferred to speak to one of Defendant's collectors.

25. Defendant's calls were not placed for emergency purposes.

26. These calls were particularly frustrating to Plaintiff as she would receive calls at inconvenient times or places, like when she was at the doctor's office.

27. Ultimately she took measures to block Defendant's phone number by downloading a blocking application to her cellular telephone after her request to stop calling was ignored by Defendant.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA

28. A debt collector violates §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29. A debt collector violates §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

30. Defendant violated these sections when it placed repeated and continuous harassing telephone calls to Plaintiff between August 2016 and the May 2017 knowing these calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

31. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

32. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

33. Defendant's calls to Plaintiff were not made for emergency purposes.

34. Defendant's calls to Plaintiff after she revoked consent were not made with Plaintiff's prior express consent.

35. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, JOHNNIE CLIMES, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

  d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

  e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

  f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

  h. Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOHNNIE CLIMES, demands a jury trial in this case.

              Respectfully submitted,

Dated: August 11, 2017

              /s/ Craig Thor Kimmel
              Craig Thor Kimmel
              Kimmel & Silverman, P.C.
              30 East Butler Pike
              Ambler, PA 19002
              Phone: (215) 540-8888
              Facsimile: (877) 788-2864
              Email: kimmel@creditlaw.com